IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LARON MONTANEZ JAMISON, | * | |
| | * | |
| Movant, | * | |
| | * | |
| vs. | * | No. 4:05CV01078 SWW |
| | * | (No. 4:03CR00140 SWW) |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM OPINION AND ORDER

On April 20, 2004, in the United States District Court for the Eastern District of Arkansas, the movant, Laron Montanez Jamison, pleaded guilty to two counts of an eight-count indictment. He admitted guilt on Count 5, distributing cocaine base in violation of 21 U.S.C. 841(a)(1), and Count 8, possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). On August 31, 2004, Jamison was sentenced to 97 months imprisonment on Count 5 and 60 months imprisonment on Count 8, to run consecutively. His sentence included four years of supervised release.

Jamison appealed his sentence and on March 15, 2005, the Eighth Circuit Court of Appeals remanded his case for resentencing in view of the principles announced in *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On May 15, 2005, this Court modified his sentence to be a 60-month term of imprisonment on Count 5 instead of 97 months. The original 60-month term on Count 8 was not modified, as this was the statutory minimum for the offense. The new, modified sentence was 120 consecutive months, followed by a four-year period of supervised release.

Now before the Court is Jamison's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The government has responded in opposition to the motion.  For the reasons that follow, the Court finds that the motion should be denied.

I.

In the motion before the Court, Jamison asserts his trial counsel was ineffective at pre-trial, plea hearing, and sentencing regarding Count 8; that his appellate counsel was ineffective for failing to appeal on Count 8; and that his trial counsel was ineffective at resentencing by not being prepared to argue his sentence on Count 8 was illegal.

A.

To establish that he was deprived of effective assistance of counsel, Jamison must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  The court need not address both components if the plaintiff makes an insufficient showing on one of the prongs.  *Id.* at 697.

When examining whether an attorney has failed to meet the *Strickland* standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  Furthermore, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.  The correct inquiry is not whether counsel's decision was correct or wise, but whether it "was an unreasonable one which only an incompetent attorney

would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417 (8th Cir. 1983).

With respect to the "performance" prong, the Supreme Court has observed:

The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted — even if defense counsel has made demonstrable errors — the kind of testing envisioned by the Sixth Amendment has occurred.

*United States v. Cronic,* 466 U.S. 648, 656 (1984).

The prejudice prong requires Jamison to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). "Prejudice, for purposes of an ineffective assistance of counsel claim, means that 'one's confidence in the outcome of the trial is undermined.'" *United States v. Flynn,* 87 F.3d 996, 1000-01 (8th Cir. 1996) (citations omitted).

B.

On April 20, 2004, Jamison appeared before the Court and entered a plea of guilty to Counts 5 and 8. Prior to accepting his plea, the Court determined Jamison was competent to proceed, understood the plea agreement, acted voluntarily, and understood he had the right to plead "not guilty" and force the government to meet its entire burden. *Id*. at 3, 5-6. Under the plea agreement, the remaining charges in the 8-Count indictment would be dismissed. During Jamison's change of plea hearing, in response to the Court's question about what the government was prepared to prove with regard to Count 8, the Assistant United States Attorney stated that drugs, firearms, and ammunition were found at Jamison's residence. The government contended

that the firearms were there at the residence to protect and facilitate the drug trafficking activity that was occurring.  *See* docket entry 50 at 12.

Jamison now argues that his attorney should have objected to the imposition of the 60-month sentence on Count 8 because the government did not prove that the firearms were used in furtherance of the drug trafficking crime.[1]  He contends his appellate counsel was ineffective for not raising this issue on appeal, and that his counsel was ineffective at resentencing for not challenging his sentence on Count 8.

Because Jamison pled guilty to Count 8, the government was not require to prove the elements of the firearm charge.  If Jamison disputed any element of the charge, it was his duty to discuss it with his counsel and maintain his plea of "not guilty."  He elected to plead guilty and accept the benefit of having the other six counts dismissed.  Further, although he claims an argument should have been made that the firearms were for hunting purposes, no evidence was presented to demonstrate his guns were for hunting purposes.

The Court finds that Jamison has failed to establish that his counsel was ineffective for failing to challenging his conviction and sentence on Count 8.  Through his counsel's negotiations, Jamison entered into a plea agreement that reduced his exposure to incarceration from a statutory maximum of life in prison down to twenty years.  Because of his counsel's

---

[1] The statute charged in Count 8, 18 U.S.C. § 924(c) provides in pertinent part:
[A]ny person who, during and relation to any . . . drug trafficking crime . . .who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime - (i) be sentenced to a term of imprisonment of not less than 5 years. . .

"The phrase 'possessed in furtherance of' means the firearm must have some purpose or effect with respect to [the drug trafficking crime] . . . The firearm must facilitate or have the potential to facilitate the offense . . . . " *Eighth Cir. Manual of Model Jury Instructions Criminal*, 6.18.924C (West 2003).

efforts on direct appeal, his sentence was reduced even further. At the first sentencing hearing, the Court sentenced Jamison at the absolute minimum term allowed by law, and this sentence was reduced significantly in the resentencing. The Court finds that counsels' conduct fell within the wide range of professionally reasonable assistance and that he was not prejudiced by counsels' performance.

II.

IT IS THEREFORE ORDERED that the motion is denied.

DATED this 12th day of September 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE